IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHELIA D. HUDSON,

                    Plaintiff,

          v.                          CASE NO. 08-3188-SAC

STATE OF KANSAS
PAROLE BOARD, et al.,

                    Defendants.

                    O R D E R

     This civil rights complaint, 42 U.S.C. § 1983[1], was filed by an
inmate of the Topeka Correctional Facility, Topeka, Kansas (TCF).
Named as defendants are (1) State of Kansas Clemancy (sic) & Parole
Board; (2) Jeff Smith, Corrections Manager I, "KDOC Sentence
Computation Unit;" and (3) KDOC Staff Attorney Shelly Starr.


**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

     Plaintiff has filed a motion for leave to proceed in forma
pauperis (Doc. 2), and has attached an Inmate Account Statement in
support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C.,
requires the court to assess an initial partial filing fee of twenty
percent of the greater of the average monthly deposits or average
monthly balance in the prisoner's account for the six months
immediately preceding the date of the filing of a civil action.
Having examined the records of plaintiff's account, the court finds
the average monthly deposit is $76.51 and the average monthly

---

[1]     Plaintiff lists several Kansas statutes and cases, one of her prior
federal cases, and another federal district court case as additional bases for
jurisdiction; however, none is a legitimate basis for federal court jurisdiction.

balance is $1.54.  If this action were to proceed as a civil rights complaint, the court would assess an initial partial filing fee of $15.00, twenty percent of the average monthly deposit, rounded to the lower half dollar,[2] and plaintiff would be required to pay this initial partial filing fee.  However, the court herein determines that this action should be treated as a petition for writ of habeas corpus for which the filing fee is $5.00, and in which case Ms. Hudson's motion to proceed without prepayment of fees will be granted based on the current balance in her institutional account.

**SCREENING**

Because Ms. Hudson is a prisoner, the court is required by statute to screen her complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background to this complaint is well-known to the court.  In 1981, Ms. Hudson pled guilty to forgery and received an indeterminate sentence of not less than two years nor more than ten, which was subsequently reduced to one to ten years.  After serving slightly less than two years in confinement, Hudson was released on

---

[2]     Pursuant to 28 U.S.C. §1915(b)(1), plaintiff would remain obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis would entitle her to pay the filing fee over time through payments deducted automatically from her inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

parole.  She notes in her complaint that her "judicially imposed expiration date" on her original term was 1992.  In 1991, nine years into her parole term, Hudson pled guilty to one count of misdemeanor theft and one count of possession of cocaine.  She was sentenced to a term of not less than three years nor more than ten years on the cocaine charge and a concurrent term of one year on the theft charge.  Hudson's 1981 and 1991 sentences were aggregated, resulting in a controlling term of four to twenty years.  While Hudson received slightly less than two years penal credit on the controlling sentence, she did not receive any credit for the approximately nine years[3] she spent on parole from the 1981 conviction.  Hudson v. Koener, Case No. 03-3206 (10th Cir. Dec.8, 2003)(D.C. No. 02-3116).  She was returned to prison to complete her 1981 sentence and serve her new (1991) sentence.

Hudson challenged in the trial court the denial of credit for time spent on parole on double jeopardy grounds.  The state district court granted relief; but the Kansas Supreme Court reversed, ruling that Ms. Hudson could be denied credit for time successfully spent on parole because she committed a new offense while on parole.  Hudson v. State, 42 P.3d 150 (Kan. 2002).  Hudson then filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court challenging the denial of credit for time spent on parole as multiple punishment for the same offense.  This petition was dismissed, with this court holding the "law is clear that there is no federal constitutional right to the reduction of a sentence of a

---

[3]    Plaintiff now alleges that prior to committing the new offense, she technically violated parole on at least two occasions but was reparoled and not revoked, and violated again in 1989 or 1990, was revoked and then reparoled.

parole violator for the time spent on parole." <u>Hudson v. Koener</u>, No. 02-3116-RDR (D.Kan. June 25, 2003)(cites omitted). Hudson appealed this decision to the Tenth Circuit Court of Appeals, which concluded that "the § 2254 petition was denied appropriately," and dismissed the appeal for "substantially the same reasons" as this court. <u>Hudson v. Koener</u>, No. 03-3206 at 4. The Circuit reasoned: "Hudson has failed to make a substantial showing that the denial of credit for parole time, pursuant to Kansas state law, to prisoners who commit new offenses while on parole, denies her a constitutional right." <u>Id</u>.

**<u>CLAIMS RAISED IN COMPLAINT</u>**

Ms. Hudson claims in this civil rights complaint that she is being illegally detained because the Kansas Parole Board denied her street time credit for the nine years she spent on parole, and that her "judicially imposed sentences" expired in 2002. In addition, she complains that her 1981 sentence was not allowed "to be completed until 2001," but actually expired in July 1991 or sooner and "should not have been aggregated in the first place." She also argues that her sentence continued to run while she was on parole.

Based on her current allegations that she technically violated parole on at least three occasions prior to committing a new offense and was reparoled each time, Hudson now argues that credit should have been forfeited as a result of her new offense violation only for the portion of the time following her third reparole.

As count I of the complaint, plaintiff asserts an ex post facto violation. In support, she argues that her original sentence was

4

made subject to "a penalty that was not in effect at the time" of the commission of her offenses[4].  The penalty she refers to is the application of K.S.A. § 21-4608(f)(5),[5] which became effective in 1983, and was applied to forfeit nine years of her street time.

As count II, Ms. Hudson claims a violation of equal protection of the law.  In support, she appears to allege that under a different Kansas statute than the one applied in her case[6], her 1981 sentence should have expired in 1992[7] (also alleging there was only one year remaining on the unexpired portion of her 1981 sentence when she committed a new offense), and that her sentence imposed in

---

[4]     In <u>Hudson v. State</u>, 42 P.3d 150, 153 (Kan. 2002), the Kansas Supreme Court cited <u>Thomas v. Hannigan</u>, 27 Kan.App.2d 614, Syl. para. 6, 6 P.3d 933 (2000) and its reasoning that "the enhancement provisions of K.S.A. 21-4608(f)(5) were triggered by a new criminal offense and not punishment for behavior committed prior to the enactment of the statute." They held that § 21-4608(f)(5) and its consequences did not apply to Hudson until her "consecutive sentences were imposed for committing a new offense while on parole," and that the "amendment was effective for nearly 8 years before she committed the act which triggered" its application. <u>Id.</u> at 156-57. They also rejected Hudson's claims that aggregating and determining her sentence credit under § 21-4608 was unconstitutional because it conflicts with K.S.A. 22-3722, which she argued required that she receive credit for time on parole. <u>Hudson</u>, 42 P.3d at 156. As Ms. Hudson has been previously informed, the Kansas courts' interpretations of these state statutes are matters of state, not federal constitutional, law. Moreover, there is no federal constitutional right to credit for time spent on parole. The Kansas Supreme Court found Hudson's 1981 sentence was not enhanced and has always remained 1 to 10 years. <u>Id.</u>

[5]     K.S.A. § 21-4608(f)(5) pertinently provides: "When consecutive sentences are imposed which are to be served consecutive to sentences for which a prisoner has been on . . . parole . . . , the amount of time served on . . . parole . . . shall not be credited as service on the aggregate sentence in determining the parole eligibility, conditional release and maximum dates . . . ."

[6]     The basis for this claim appears to be her other arguments that street time on parole should be deemed service of sentence, or that § 21-4608(f)(5) should not have been applied in her case.

[7]     Hudson quotes defendant Starr as saying, "Ms. Hudson's second crime occurred more than 10 years after she began serving her sentence for her first crime," but also that "she would have been off parole . . . if she had not absconded from supervision on at least four occasions prior to her second crime." Hudson then seems to acknowledge that absconding caused the maximum date on her 1981 sentence to be extended to 1992. These allegations refute rather than support plaintiff's claim that her 1981 sentence expired prior to commission of her second offense and therefore should never have been aggregated.

1992 expired in 2002.

As count III, plaintiff claims cruel and unusual punishment. In support, she alleges that she is being detained six years past the expiration of both her judicially imposed sentences. She also argues that credit for time spent on parole should not be denied for any reason other than absconding, and that otherwise it is an "administrative conversion of a sentence."

## RELIEF REQUESTED

Plaintiff seeks "relief from" these alleged constitutional violations. She also seeks "relief in est[8]." expiration date of 1991 on her 1981 sentence, expiration date of 2001 on her 1991 sentence, "NDTA until 1995", "that a 1-10 sent. cont. to run while on parole," and "that the 9-year recommitment (she) is now serving is illegal." She also seeks "to be discharged immediately."

## SCREENING

Because Ms. Hudson is a prisoner, the court is required by statute to screen her complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

## CLAIMS CHALLENGE DURATION OF CONFINEMENT

---

[8]     The court assumes this means relief "in establishing" or declaratory relief.

In <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), which was also a civil rights complaint, the United States Supreme Court held that

> when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

<u>Id</u>. at 500.  Plaintiff is asking this court to declare that she is entitled to immediate release from prison.  Under <u>Preiser</u> this type of relief is available only through a habeas corpus petition.  The court therefore finds that plaintiff's claims may not be litigated in this civil rights complaint, but may only be presented in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.

Ms. Hudson filed a prior federal habeas corpus petition[9] challenging the same denial of street time credit while on parole, which was denied and affirmed on appeal.  It thus appears that this action, which must be treated as one under 28 U.S.C. § 2241, is successive and abusive.

In her prior federal habeas corpus action, Ms. Hudson apparently dropped some of her claims because they were not exhausted and chose to proceed only upon her claim of denial of parole time credit.  She does not allege or show full exhaustion of state court remedies on all the claims she now presents in this action.  After her prior case was dismissed, she filed a motion for relief from judgment in which she reiterated her previously made

---

[9]      Petitioner filed <u>Hudson v. Koerner</u>, 02-3116-RDR (D.Kan. Apr. 26, 2005) as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and it was considered and denied as such.  On appeal, the Tenth Circuit Court of Appeals found it should have been treated as a habeas corpus petition pursuant to 28 U.S.C. § 2241 instead, because it challenged the execution of her sentence, but also found the standards were the same and it had been properly denied.  <u>Hudson v. Koerner</u>, 125 Fed.Appx. 217, **1 (10th Cir. Feb. 15, 2005, unpublished).

arguments and added new arguments including "statutory arguments" and that her original sentence had expired at the time she violated by committing a new offense.  The district court denied the motion based on the settled legal principle that it is not proper to revisit issues already addressed or advance arguments which could have been raised in a prior briefing as grounds for post-judgment relief.  Ms. Hudson appealed, and the Tenth Circuit Court of Appeals noted she "attempts to introduce claims not exhausted in state court" including "that her original sentence expired prior to the time she committed her second offense."  Ms. Hudson makes no showing that she has satisfied the exhaustion prerequisite for bringing any new habeas corpus claims in federal court[10], and this action might also be dismissed on this basis.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(requiring exhaustion for § 2241 habeas claims).

Plaintiff will be given time to show cause why this action should not be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismissed as successive and abusive.  If plaintiff fails to show cause within the time allotted, this action may be dismissed without further notice[11].

---

[10]    Given that Ms. Hudson has been fully informed in prior actions of the exhaustion prerequisites for federal habeas corpus actions and of the prohibition against second and successive habeas applications, it appears she may be simply trying a different and improper method for seeking relief on her already rejected habeas corpus claims.

[11]    If this action remains a civil rights complaint and is dismissed as such, the complaint will be dismissed as frivolous and count as a strike under 28 U.S.C. § 1915(g) for the reasons that Ms. Hudson has previously raised these claims in federal court, has been informed of the proper process and prerequisites for raising habeas corpus claims, and her claims have already been found not to state a federal constitutional violation.
    Furthermore, the United States Supreme Court has held that when a state prisoner seeks damages, declaratory or injunctive relief in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; and if it would,

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismissed as successive and abusive.

**IT IS FURTHER ORDERED** that plaintiff's response to this Order may not exceed three (3) pages, unless good cause is shown.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994)(damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (declaratory relief); Lawson v. Engleman, 67 Fed.Appx. 524, 526 FN 2 (10th Cir. 2003) (unpublished) (injunctive relief). It has been held that Heck applies to prison administrative decisions affecting the duration of a state inmate's confinement. The court has considered Ms. Hudson's claims and finds they relate to the validity of prison administrative decisions regarding denial of credit for time she spent on parole, aggregation and computation of her sentences, and sentence computation decisions regarding mandatory release and sentence expiration dates. The court further finds that Ms. Hudson has not shown that these decisions have been overturned on administrative appeal or in a state or federal habeas corpus action. Consequently, the court finds their presentation in a civil rights action is premature under Heck.