IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHELIA D. HUDSON,

                    Plaintiff,

          v.                              CASE NO. 08-3188-SAC

STATE OF KANSAS
PAROLE BOARD, et al.,

                    Defendants.

                    O R D E R

     This action was filed as a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff sues the Kansas Parole Board and other state officials claiming that, upon her violation of parole for new offenses in 1991, she was improperly denied several years credit for time spent on parole toward service of her 1981 sentence[1].  She is currently serving an aggregated term based on her 1981 and 1991 sentences.

     On August 29, 2008, this court screened the complaint and entered an Order in which it found that plaintiff's allegations are in the nature of habeas corpus claims, which must be presented in a habeas corpus pe tition under 28  U.S.C. § 2241, rather than a civil rights complaint.  The court additionally found that Ms. Hudson had filed a prior federal habeas corpus petition challenging

---

[1]     Ms. Hudson claims she was denied street time credit for nine years spent on parole, she has been detained six yearspast the expiration of both her "judicially imposed sentences", and that the 9-year recommitment (she) is now serving is illegal" all based on her legal theory that her 1981 sentence continued to run all the time she was on parole.

the same denial of street time  credit while on parole, which was denied and affirmed on appeal.   Plaintiff was given time to show cause why this action should not   be treated as a habeas corpus petition and dismissed as successive and abusive.  She was informed that if she failed to show  cause within the allotted time, this action could be dismissed without further notice.

Plaintiff has subsequently filed several pleadings in which she states her clear intention that this action remain a civil rights complaint.  Accordingly, the court considers this as a civil complaint and not a habeas corpus action.

The court concludes that this civil rights complaint must be dismissed upon screening as frivolous, 28 U.S.C. § 1915A(a) and (b).  As the court clearly stated in its prior Order, habeas claims are not properly raised in a civil rights complaint.  In her Response (Doc. 5) and other pleadings, plaintiff generally reargues her claims.  She utterly fails to show cause why her claims should not be treated as habeas    claims and dismissed as successive. Moreover, this action is barred by Heck v. Humphrey 512 U.S. 477, 487 (1994), for the very reason that plaintiff has not successfully challenged the State's sentence credit decisions in a habeas action.  Also as noted in the prior Order, Ms. Hudson's challenges were previously found not to state a federal constitutional violation.  Hudson v. Koener , No. 03-3206, *4 (10 th Cir. Dec. 8, 2003)(Dist.No. 02-3116) ("Hudson has failed to make a substantial showing that the denial of credit for parole time, pursuant to Kansas state law, to prisoners who commit new offenses while on

parole, denies her a constitutional right."). Petitioner may not avoid the prohibition against successive habeas petitions, which are abusive, by simply re-styling her claims as a civil rights complaint[2].

The court additionally finds that this action counts as a strike against plaintiff for purposes of the three strikes provision in 28 U.S.C. § 1915(g).

The court hereby assesses an initial partial filing fee of $15.00 in this case based upon its calculations set forth in its prior Order. This amount is now due and owing to the court. Ms. Hudson also remains obligated to pay the remainder of the full filing fee of $350.00 for this civil rights complaint, through payments collected from her inmate account[3].

Plaintiff's Motion for Leave to File Excess Pages (Doc. 4) is denied as moot, since she thereafter filed numerous excess pages that have been considered by the court. Plaintiff's Motion for Summary Judgment (Doc. 10) is denied. In this motion, plaintiff also simply restates her claims and does not show that she is

_____

[2]    Moreover, Ms. Hudson still fails to show full exhaustion of state court remedies on all the claims she attempts to present in this action and, as she was informed, this action may also be dismissed on this basis. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000).

[3]    Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles her to pay the remainder of the fee over time through payments deducted automatically from her inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with her custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from her account.

entitled to judgment as a matter of law.  She is also not entitled to summary judgment on the alleged basis that defendants have not refuted the allegations in support of her motion.  Defendants have not been served or required to appear in this action, and had no obligation to respond to this motion.

**IT IS THEREFORE ORDERED** that this action is considered only as a civil rights complaint, 42 U.S.C. § 1983, upon the insistence of plaintiff.

**IT IS FURTHER ORDERED** that plaintiff is hereby assessed an initial partial filing fee of $15.00, which she is ordered to submit to the court within twenty (20) days.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted and she is assessed the remainder of the full filing fee herein of $350.00, which is to be collected through payments from her inmate account.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Excess Pages (Doc. 4), and plaintiff's Motion for Summary Judgment (Doc. 10) are denied.

**IT IS FURTHER ORDERED** that this civil rights action is dismissed as frivolous and all relief is denied.

The clerk is directed to transmit a copy of this Order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 2nd day of June, 2009, at Topeka, Kansas.

4

5

s/Sam A. Crow
U. S. Senior District Judge