```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**SHELIA D. HUDSON,**
                   **Plaintiff,**

      **v.**                             **CASE NO. 08-3188-SAC**

**STATE OF KANSAS**
**PAROLE BOARD, et al.,**

                 **Defendants.**

### O R D E R

This action was improperly litigated by plaintiff as a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed and all relief was denied by Order entered June 2, 2009. In the same Order, Ms. Hudson was ordered to pay an initial partial district court filing fee of $15.00, and was granted leave to proceed without prepayment of the full fee. Unfortunately, she has not complied with the court's prior order to pay the assessed partial fee within the specified time.

Plaintiff filed a Notice of Appeal of the Order of Dismissal. The matter is now before the court upon plaintiff's three motions for leave to proceed in forma pauperis on appeal (Docs. 20, 21, 22). Having considered these motions, the court finds as follows. Plaintiff's Notice of Appeal was filed on June 9, 2009. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an appeal without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement

(or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the notice of appeal. Plaintiff's first motion to proceed in forma pauperis on appeal (Doc. 20) has an account statement attached that contains financial data from May through October, 2007. This is obviously not the six-month period immediately preceding the filing of plaintiff's Notice of Appeal. Accordingly, the court finds this motion is not properly supported and must be denied.

Plaintiff's second and third motions to proceed in forma pauperis on appeal (Docs. 21, 22) have an account statement attached with data from December through May, 2009. Thus, these motions are properly supported as required by § 1915. In reviewing these motions to proceed without prepayment of costs or fees, this court has considered whether plaintiff "has demonstrated a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997). The court concludes that plaintiff has demonstrated she is without funds in her institutional account sufficient to prepay in full the filing fee of $455.00 required to commence this appeal. The PLRA does not prohibit a prisoner from bringing a civil action or appealing a civil judgment simply because she has no assets or means to pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003).

However, the court further finds pursuant to 28 U.S.C. § 1915(a)(3), that this appeal is not taken in good faith for the reason that Ms. Hudson has "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh, 115 F.3d at 812-13; Rule 24, Federal Rules Appellate Procedure.  Accordingly, the court concludes that plaintiff's second and third motions to proceed in forma pauperis on appeal should also be denied.   Cosby, 351 F.3d at 1326-27 ("These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."); see Carson v. Tulsa Police Dept., 266 Fed.Appx. 763, 767 (10th Cir. Feb. 21, 2008)(Because the court found that plaintiff's claims are frivolous, it denied his motion for leave to proceed in forma pauperis.).

As Ms. Hudson was previously informed, under 28 U.S.C. § 1915(b)(1), she remains obligated to pay the full $350.00 district court filing fee by making periodic payments from her inmate trust fund account as detailed in § 1915(b)(2).  The court again directs that collection action of the unpaid $350.00 filing fee commence in this case.  Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to her prison accounts until she has paid the total filing fee of $350.00.  28 U.S.C. § 1915(b)(2).  Plaintiff is directed to cooperate with her custodian and any future custodian to authorize the disbursement of funds to

satisfy these payments. The trust fund officer or other appropriate prison official at plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from plaintiff's prison account in the amount of 20% of the preceding month's income credited to the account.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed in forma pauperis on Appeal (Docs. 20, 21, 22) are denied. Copies of this order shall be mailed to plaintiff, to the Finance Officer where plaintiff is currently incarcerated, and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge